UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROSS STORES, INC.,

                Plaintiff,

    - against -

RENEE LINCKS,

                Defendant.
------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

13 Civ. 1876 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.     INTRODUCTION

        Ross Stores, Inc. ("Ross Stores", "the Company" or "counterclaim-defendant") is suing Renee Lincks ("Lincks" or "counterclaim-plaintiff") , a former employee of Ross Stores, for damages arising from a breach of her contractual obligations to repay her signing bonus, relocation bonus and relocation expense reimbursements after she voluntarily terminated her employment within the first twenty-four months of being hired by the Company. In her Amended Answer to the Complaint ("Countercl."), Lincks brings one counterclaim against Ross Stores for breach of contract for failing to provide her with a full-time assistant. Ross Stores now moves to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, this motion is granted.

## II. BACKGROUND[1]

### A. The Facts

Ross Stores is in the business of selling apparel, accessories, footwear and home fashions at discounted prices in retail stores. Ross Stores recruits and employs Buyers to purchase the needed merchandise at low prices.[2] Lincks is a former Buyer who was employed by Ross Stores from July 26, 2011 until May 25, 2012.[3]

In June 2011, Ross Stores offered Lincks a full-time Buyer position in a formal written employment offer. The offer included: 1) a $25,000 signing bonus; 2) a $10,000 relocation bonus; and 3) paid relocation expense reimbursements.[4] The bonuses and relocation expense reimbursements were subject to a two-year repayment condition requiring Lincks to repay Ross Stores the bonuses and relocation reimbursements if she voluntarily ended her employment within the first twenty-four (24) months of her date of hire and/or her

---

[1] The following facts are drawn from the Complaint ("Compl.") and are presumed to be true for purposes of this motion.

[2] *See* Compl. ¶ 7.

[3] *See id.* ¶ 8.

[4] *See id.* ¶ 11.

receipt of relocation expense reimbursements.[5] Lincks accepted the offer on June 13, 2011 by signing the employment agreement.[6] Ross Stores then paid Lincks the $10,000 relocation bonus, the $25,000 signing bonus, and $32,133.62 in approved relocation expense reimbursements.[7]

On May 9, 2012, Lincks submitted her resignation letter to Ross Stores.[8] Her final date of employment was May 25, 2012. On May 17, 2012, the Director of Human Resources conducted Lincks' exit interview.[9] At this meeting, Ross Stores requested that Lincks repay the $67,133.62 in combined signing bonus, relocation bonus and relocation expense reimbursements because her resignation came within the first twenty-four months of employment.[10] Lincks requested and was granted an extension of time to July 16, 2012, in which to repay the amount.[11] On May 25, 2012, Ross Stores sent Lincks a letter confirming the

---

[5] *See id.* ¶ 12.

[6] *See id.* ¶ 13.

[7] *See id.* ¶¶ 14-15.

[8] *See id.* ¶ 16.

[9] *See id.* ¶ 18.

[10] *See id.*

[11] *See id.*

new repayment schedule.[12] A second letter was sent on June 28, 2012, reminding Lincks of her repayment deadline.[13] Lincks has not responded to these letters, nor has she repaid the money owed to Ross Stores.

### B.  The Counterclaim[14]

In her Answer, Lincks asserts that Ross Stores breached its contract by not supplying her with a full-time assistant. Lincks states that part of the offer which induced her to accept the position was the promise of a full-time assistant.[15] Lincks asserts that this was promised to her before her employment contract was signed. Although it was not memorialized in the contract, Lincks allegedly relied on this representation when she signed the contract.[16] For the first month of her employment, Lincks had a full-time assistant. However, Ross Stores soon fired this assistant but promised Lincks that a new assistant would be hired shortly.[17] A new assistant was not hired in the subsequent seven months and Ross Stores

---

[12]  *See id.* ¶ 19.

[13]  *See id.* ¶ 20.

[14]  The following facts are drawn from the Counterclaim and are presumed to be true for purposes of this motion.

[15]  *See* Countercl. at 5, ¶ 1.

[16]  *See id.* ¶ 2.

[17]  *See id.* ¶ 3.

eventually told Lincks it would take several more months before hiring a replacement.[18] Upon learning that Ross Stores had no intention of making this a priority, Lincks decided to quit. Lincks' counterclaim alleges breach of contract by Ross Stores because: 1) Ross Stores fired her first assistant without providing Lincks any reason; 2) promised Lincks the prompt hiring of a new full-time assistant; and 3) informed Lincks after seven months that a new assistant would not soon be hired.[19] Lincks alleges that she quit because of the heavy workload she was expected to perform without the help of any support staff.

## III. APPLICABLE LAW

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court "must accept all non-conclusory factual allegations as true and draw all reasonable inferences in the plaintiff's favor."[20] The court then "determine[s] whether [those allegations] plausibly give rise to an entitlement for relief."[21] A counterclaim

---

[18] *See id.*

[19] *See id.* at 6, ¶ 7.

[20] *Simms v. City of New York*, 480 Fed. App'x 627, 629 (2d Cir. 2012) (citing *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008)).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Accord Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S.Ct. 1659 (2013).

should not be dismissed if the counterclaim-plaintiff has stated facts sufficient to state a claim to relief that is plausible on its face.[22] "A claim has facial plausibility when the [counterclaim-plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [counterclaim-defendant] is liable for the misconduct alleged."[23] Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[24]

### B.   Breach of Contract

In a breach of contract case, a plaintiff must plead "(1) the existence of a contract between itself and [the] defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach."[25] Under New York law, a plaintiff "is required only to provide defendant[] with a 'short, plain notice' of the claims against them pursuant to Rule 8."[26] Nevertheless, the complaint must

---

[22]   *See Simms*, 480 Fed. App'x at 629 (citing *Iqbal* at 677).

[23]   *Iqbal*, 556 U.S. at 679.

[24]   *Id.* (quotation marks omitted).

[25]   *Diesel Props S.r.I. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).

[26]   *Id.* (quoting Fed. R. Civ. P. 8(a)).

provide "specific allegations" as to the contract's parties, terms, and breached provisions.[27] The parol evidence rule "generally prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements to explain the meaning of a contract that the parties have reduced to an unambiguous integrated writing."[28] "It is generally understood that the purpose of an integration clause 'is to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing.'"[29]

### C.  Leave to Amend

Whether to permit a plaintiff to amend its complaint is a matter committed to a court's "sound discretion."[30] Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."[31] Leave to amend should be denied

---

[27] *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 173 (S.D.N.Y. 2009) (citations omitted).

[28] *Gualandi v. Adams*, 385 F.3d 236, 242 (2d Cir. 2004).

[29] *Dujardin v. Liberty Media Corp.*, 359 F. Supp. 2d 337, 356 (S.D.N.Y. 2005) (quoting *Primex Int'l Corp. v. Wal-Mart Stores, Inc.*, 89 N.Y.2d 594, 600 (1997)).

[30] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

[31] *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

when the proposed amendment would be futile.[32]

## IV. DISCUSSION

Linck's breach of contract counterclaim alleges that Ross Stores agreed to, and then failed to, furnish her with a full time assistant. However, Lincks acknowledges that the written employment contract does not memorialize such a promise.[33] Nor does Lincks provide any record of the alleged promise. Here, the employment contract includes an integration clause which provides that the contract sets forth: "[t]he terms of employment with Ross, and supersedes any prior representations or agreements, whether written or oral."[34] By its own terms, the contract supersedes any alleged oral promise by Ross Stores to provide Lincks an assistant. The parol evidence rule bars Lincks from introducing any extrinsic evidence of an alleged promise of a full-time assistant.[35] Thus, any alleged oral representations between the parties in this case cannot sustain a breach of contract claim.

Lincks argues that the parol evidence rule should not be applied to

---

[32] *See, e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002).

[33] *See* Countercl., at 5 ¶ 2.

[34] Employment Contract, Ex. A to the Compl., at 7.

[35] *See Holloway v. King*, 361 F. Supp. 2d 351, 358 (S.D.N.Y. 2005).

-8-

bar evidence of the alleged agreement to provide an assistant.[36] Specifically, Lincks alleges that she was induced into signing the employment contract by the fraudulent misrepresentation that she would be provided a full-time assistant.[37] Although "New York also permits the use of parol evidence to prove a claim of fraud in the inducement, even where the written contract contains an integration, or merger, clause,"[38] Lincks does not allege a fraud counterclaim.

Even if Lincks plausibly alleged an enforceable promise to provide an assistant, Lincks's counterclaim fails to allege damages resulting from the alleged breach. In her opposition papers, Lincks argues that her damages are her costs of defending this action.[39] But these damages are not adequately alleged in her counterclaim. Accordingly, Ross Stores's motion to dismiss the breach of contract counterclaim is granted for failure to state a claim on which relief can be granted.

### B. Leave to Amend

---

[36] *See* Lincks' Memorandum of Law in Opposition to the Motion to Dismiss the Counterclaim ("Opp. Mem."), at 5.

[37] Although Lincks' "Facts to Support [] Counterclaim[]" describes what could be considered the elements of a fraud claim, the only claim she asserts is for breach of contract. *See* Countercl. at 5.

[38] *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006) (citations omitted.).

[39] *See* Opp. Mem. at 4.

Lincks seeks to amend her counterclaim to address deficiencies in her breach of contract claim should the court grant Ross Stores's motion to dismiss.[40] Because Lincks cannot overcome the parol evidence rule, leave to amend her breach of contract claim would be futile and is therefore denied.

Ross Stores also argues that Lincks should not be allowed to add a fraudulent inducement claim because it would merely restate her breach of contract claim. Although New York recognizes claims for fraud in the inducement when the misrepresentation relied upon is collateral to the contract, the misrepresentation must be of a present fact.[41] Here, Lincks argues she was fraudulently induced to accept the position because she was promised a full-time assistant. Lincks admits that she had a full-time assistant for the first month of her employment. Therefore, the present fact at the time of her acceptance was that she would be given an assistant – which in fact she was. However, because Lincks has not yet pled this claim, it is not clear whether she will allege that Ross Stores intended to keep this assistant as allegedly promised once Lincks began her employment, or if the promise was merely the fraudulent inducement upon which she relied. Accordingly, Lincks may amend her counterclaim to plead a claim of

---

[40] *See* Opp. Mem. at 5.

[41] *See Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 184 (2d Cir. 2007).

fraudulent inducement.

## V. CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss defendant's counterclaim is granted with leave to amend. Any amendment must be filed within thirty days of the date of this Order. The Clerk of the Court is directed to close this motion (Docket No. 9). A status conference is scheduled for November 6, 2013, at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
      October 4, 2013

## - Appearances -

**For Plaintiff:**

John E. Kiley, Esq.
Kevin J. Smith, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
(212) 808-5000

Ryan M. Duffy, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
30 Rockefeller Plaza, 24th Fl.
New York, NY 10112
(212) 634-3041

**For Defendant:**

Michael A. Orozco, Esq.
Bailey & Orozco, L.L.C.
744 Broad Street
Newark, NJ 07102
(973) 693-4408